**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | |
|---|---|
| U.S. BANK, as legal representative of the Estate of Martinez D. Jones, deceased, </br></br>    Plaintiff, </br> v. </br></br> FED EX GROUND PACKAGE SERVICE, INC., et al., </br></br>    Defendants. | Case No. 12-2084 |

# REPORT AND RECOMMENDATION

In March 2012, Plaintiffs U.S. Bank, as legal representative of the estate of Martinez D. Jones, and Michele Jones, wife of Martinez D. Jones, filed a complaint against Defendants Michael A. Shea, Joshua M. Kluesner, and their employer, FedEx Ground Package Systems, Inc. ("FedEx"), alleging negligence, reckless willful and wanton conduct, and loss of consortium. Federal jurisdiction exists pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

In July 2012, Defendants filed a Motion to Dismiss Counts III, IV, VII, VIII, IX and X of Plaintiffs' Third Amended Complaint (#34). In August 2012, Plaintiffs filed a Response to Defendants' Motion to Dismiss (#38). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss **(#34)** be **GRANTED IN PART** and **DENIED IN PART.**

### I. Factual Background

The following background is based on Plaintiffs' Third Amended Complaint. In the early morning hours of October 2, 2010, Martinez D. Jones was driving his car northbound in the left lane of Interstate 57 ("I-57"). Melissa Schroeder-Barney, who is not a party to this case, was driving southbound on I-57 when she lost control of her vehicle, which crossed a grassy median separating the northbound and southbound lanes of traffic and struck Jones' vehicle. The collision rendered Jones' vehicle inoperable. After the collision, Jones remained inside his

vehicle in the northbound passing lane with the hazard lights activated. According to Plaintiffs, that point along I-57 was flat, with nothing obstructing the view of vehicles traveling in either direction.

At some point thereafter, two FedEx trucks, driven by Defendants Shea and Kluesner, were heading northbound along I-57. The two trucks were traveling in tandem, i.e., one behind the other in the same lane. The first truck, driven by defendant Shea, struck Jones' stationary vehicle, ejecting Jones from his seat onto the passing lane of the highway. The second truck, driven by Defendant Kluesner, then struck Jones, dragging him along the freeway some distance. Jones did not survive this accident.

## II. Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Dismissal is appropriate only if a plaintiff cannot demonstrate that it is plausibly entitled to relief under the facts it has alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair notice is not enough by itself; the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, this Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). This Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiffs' favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see also Twombly*, 550 U.S. at 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In considering the plaintiff's factual allegations, this Court should not accept as adequate abstract

recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

### III.  Analysis

Defendants move to dismiss Counts III, IV, VII, VIII, IX, and X, for failure to state claims upon which relief may be granted.

**A.  Counts III, IV, VII, and VIII.**

In Count III, Plaintiffs allege that Defendant Shea and FedEx (as Shea's employer) breached their duty and acted willfully, wantonly, and with a conscious indifference and/or utter disregard for Jones because Shea recklessly: (1) operated his vehicle at an unlawful speed; (2) failed to control his vehicle in the face of a clear and present danger; (3) disregarded clear signs of an impending danger; and (4) failed to see, know, and appreciate the dangerous condition on the roadway. Plaintiffs bring Count III pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, *et seq.* Count IV is identical to Count III in all respects, except that Plaintiffs bring it under the Illinois Survival Act, 755 ILCS 5/27-6, *et seq.*

In Count VII, Plaintiffs allege that Defendants Kluesner and FedEx (as Kluesner's employer) breached their duty and acted willfully, wantonly, and with a conscious indifference and/or utter disregard for Jones because Kluesner recklessly: (1) operated his vehicle at an unlawful speed; (2) failed to control his vehicle in the face of a clear and present danger; (3) disregarded clear signs of an impending danger; (4) failed to see, know, and appreciate the dangerous condition on the roadway; and (5) operated his vehicle while engaged in a one and a half hour-long cell phone conversation, which caused him to lose attention to the road. Plaintiffs bring Count VII pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, *et seq.*

In Count VIII, Plaintiffs allege that Defendants Kluesner and FedEx (as Kluesner's employer) breached their duty and acted willfully, wantonly, and with a conscious indifference and/or utter disregard for Jones because Kluesner recklessly: (1) operated his vehicle at an unlawful speed; (2) failed to control his vehicle in the face of a clear and present danger;

(3) disregarded clear signs of an impending danger; (4) failed to see, know, and appreciate the dangerous condition on the roadway; and (5) operated his vehicle in a manner that deliberately disregarded signs of danger; and (6) followed Shea's[1] vehicle more closely than was reasonable and prudent, given the conditions on the highway. Plaintiffs bring Count VIII pursuant to the Illinois Survival Act, 755 ILCS 5/27-6, *et seq*.

Defendants argue that this Court should dismiss Counts III, IV, VII, and VIII because these counts fail to allege any facts that may give rise to an action for willful and wanton conduct. Under Illinois law, there are two types of willful and wanton conduct: intentional or reckless. *See Poole v. City of Rolling Meadows*, 656 N.E.2d 768, 771 (Ill. 1995); *see also Cat Iron, Inc. v. Bodine Envtl. Servs., Inc.*, No. 10-CV-02102, 2011 WL 5078206, at *5 (C.D. Ill. Oct. 25, 2011). Intentional willful and wanton conduct occurs when an act or omission is done with an actual or deliberate intent to harm. *Pfister v. Shusta,* 657 N.E.2d 1013, 1016 (Ill. 2005). Because Plaintiffs have alleged only reckless willful and wanton conduct, this Court need not address whether the complaint properly alleges intentional willful and wanton conduct.

Reckless willful and wanton conduct is an act committed with an "utter indifference" to or "conscious disregard" for the safety of others. *Id.* Recklessness may be inferred in two ways: where the defendant fails, "after knowledge of impending danger, to exercise ordinary care to prevent it," or where the defendant fails "to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care." *Am. Nat'l Bank & Trust Co. v. City of Chicago*, 735 N.E.2d 551, 557 (Ill. 2000) (quoting *Ziarko v. Soo Line R.R. Co.,* 641 N.E.2d 402, 405 (Ill. 1994)). Whether Defendants' actions amount to willful and wanton conduct is usually a question for the trier of fact, which requires "close scrutiny" of the evidence. *Kirwan v. Lincolnshire-Riverwoods Fire Prot. Dist.*, 811 N.E.2d 1259, 1264 (Ill. 2004).

---

[1] Plaintiffs allege that Kluesner followed *Plaintiff's* vehicle more closely than was reasonable or prudent. In light of the entirety of the pleadings, this Court reasons that Plaintiffs most likely meant that Kluesner followed Shea's vehicle, not Jones', because Plaintiffs have alleged that Jones' vehicle was already stopped and that Kluesner was driving in tandem behind Shea along I-57. This Court does not consider this mistake fatal to Count VIII.

Treating Plaintiffs' factual allegations as true and drawing all reasonable inferences in their favor, the Court concludes that Plaintiffs state plausible claims for relief in Counts III, IV, VII, and VIII.  The Court shall address Shea's and Kluesner's conduct in turn.

### 1.  Defendant Shea

The facts alleged by Plaintiff plausibly support an inference that Shea failed, "after knowledge of impending danger, to exercise ordinary care to prevent it." *Am. Nat'l Bank & Trust Co.*, 735 N.E.2d at 557.  According to Plaintiffs, Shea was driving his truck in front of Kluesner along a straight, flat part of I-57, without anything obstructing his view of Jones' disabled vehicle.  After the initial collision between Jones and Schroeder-Barney, Jones' vehicle remained in the passing lane with its hazard lights activated.  This fact is significant for two reasons.  First, the lights increased the visibility of Jones' disabled vehicle, which signaled to other drivers that it posed a hazard.  Second, as Plaintiffs point out, this fact supports a reasonable inference that if Jones had time to collect himself after the initial impact to activate his hazard lights, Shea had adequate time to apprehend the impending hazard and react accordingly.  Given these facts, Plaintiffs state plausible claims that Shea engaged in reckless willful and wanton conduct.  Thus, Counts III and IV survive.

### 2.  Defendant Kluesner

The facts alleged by Plaintiff also plausibly support an inference that Kluesner failed "to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care." *Am. Nat'l Bank & Trust*, 735 N.E.2d at 557.  Several facts alleged by Plaintiffs support this inference:  Kluesner was (1) speeding, (2) following Shea too closely, and (3) engaged in a lengthy cell phone conversation around the time of the fatal collision.  Had Kluesner followed the speed limits, followed Shea at a greater distance, and dedicated all of his attention to the road, he may well have discovered the impending hazard but

failed to do so out of recklessness or carelessness.[2]  Based on these allegations, Plaintiffs state plausible claims that Kluesner engaged in reckless willful or wanton conduct.  Therefore, Counts VII and VIII also survive.

### B.     Counts IX and X.

In Counts IX and X, Plaintiff Michelle Jones asserts claims against Shea and Kluesner, respectively, and FedEx, for common law loss of consortium.  Defendants move to dismiss these counts with prejudice, arguing that Counts IX and X are superfluous because Plaintiff cannot pursue a remedy for loss of consortium both at common law and under the Illinois Wrongful Death Act.  In response, Plaintiff Jones acknowledges these counts are superfluous and seeks to withdraw them without prejudice.  The Court recommends that Counts IX and X be dismissed without prejudice.

### IV.  Summary

For the reasons stated above, this Court recommends Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint **(#34)** be **GRANTED** without prejudice as to Counts IX and X, and **DENIED** as to Counts III, IV, VII, and VIII.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 6th day of November, 2012.

                                                                      s/DAVID G. BERNTHAL
                                           UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants urge this Court to take judicial notice of the fact that (1) the speed limit is 65 miles per hour along I-57, and (2) Shea's use of a cell phone was not prohibited by law. Although courts may take judicial notice of facts when evaluating 12(b)(6) motions, *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012), doing so is only appropriate when it is a fact "not subject to reasonable dispute" within the meaning of Federal Rule of Evidence 201(b).  *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008).  Even if these "facts" are not subject to reasonable dispute, they do not render implausible Plaintiffs' claims for relief because Defendants may have engaged in reckless willful and wanton conduct despite following the law.